EXHIBIT A

Washington County OCRS




New Search   Expand All

| Case Number | Filed Date | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|
| 672020CA000047CAAXMX [20000047AXMX] | 05/12/2020 | Circuit Civil 3-D | OPEN | NO | YES |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 05/12/2020 | DISCRIMINATION EMPLOYMENT/OTHER | YES | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| REGISTER, TIMOTHY ALLEN | JUDGE | | |
| MHM HEALTH PROFESSIONALS LLC D    Search This Party | DEFENDANT | | |
| RUDOLPH, KATHLEEN    Search This Party | PLAINTIFF | | |

**Dockets**

| Page : 1 | | ALL ⌄ | | |
|---|---|---|---|---|
| **Image** | **Doc #** | **Action Date** | **Description** | **Pages** |
| | 15 | 11/17/2020 | PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST ADMISSIONS | 2 |
| | 14 | 11/17/2020 | NOTICE OF SERVICE OF PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST ADMISSIONS | 1 |
| | 13 | 08/24/2020 | DEFENDANT MHM HEALTH PROFESSIONALS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES | 7 |
| | 12 | 08/06/2020 | RETURN OF SERVICE SERVED | 1 |
| | 11 | 08/04/2020 | NOTICE OF APPEARANCE AND DESIGNATION OF PRIMARY AND SECOND E-MAIL ADDRESSES | 2 |
| | 10 | 08/04/2020 | RETURN OF SERVICE SERVED | 1 |
| | 9 | 05/13/2020 | ISSUED SUMMONS FOR MHM HEALTH PROFESSIONALS,LLC D/B/A MHM CENTURION- EMAILED TO ATTY | 1 |
| | 5 | 05/13/2020 | Payment received: $410.00 Receipt Number 20 20002184 | |
| | 4 | 05/13/2020 | Assessment 1 Total Assessed $410.00 Balance Remaining $0.00 | |
| | 2 | 05/13/2020 | Judge: Assigned | |
| | 8 | 05/12/2020 | SUMMONS | 1 |
| | 7 | 05/12/2020 | COMPLAINT | 5 |
| | 6 | 05/12/2020 | CIVIL COVER SHEET | 2 |
| | 3 | 05/12/2020 | Assessment 1 assessed at sum $410.00 | |
| | 1 | 05/12/2020 | Case 672020CA000047CAAXMX Filed with Clerk on 5/12/2020 | |

**Judge Assignment History**

**Court Events**

**Financial Summary**

**Reopen History**

** Pursuant to Florida Statutes and Florida Rules of Court Procedure, records that have been designated as expunged, sealed or confidential may not be available through this service. For additional information on specific records please contact the Clerk of Court.

Filing # 107392205 E-Filed 05/12/2020 10:47:44 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FOURTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>WASHINGTON</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

Plaintiff
          vs.

Defendant

---

**II.    AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>75,000</u>

**III.    TYPE OF CASE**    (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability – commercial
  ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions
☐ Professional malpractice
  ☐ Malpractice – business
  ☐ Malpractice – medical
  ☐ Malpractice – other professional

☒ Other
  ☐ Antitrust/Trade Regulation
  ☐ Business Transaction
  ☐ Circuit Civil - Not Applicable
  ☐ Constitutional challenge-statute or ordinance
  ☐ Constitutional challenge-proposed amendment
  ☐ Corporate Trusts
  ☒ Discrimination-employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

☐ County Civil
  ☐ Small Claims up to $8,000
  ☐ Civil
  ☐ Replevins
  ☐ Evictions
  ☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**  **REMEDIES SOUGHT** (check all that apply):
    ☒  Monetary;
    ☒  Non-monetary declaratory or injunctive relief;
    ☒  Punitive

**V.**  **NUMBER OF CAUSES OF ACTION:**
    (Specify)

    <u>1</u>

**VI.**  **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐  Yes
    ☒  No

**VII.**  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒  No
    ☐  Yes – If "yes" list all related cases by name, case number and court:

**VIII.**  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒  Yes
    ☐  No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:  <u>s/ Marie A Mattox</u>
        Attorney or party
FL Bar No.:  <u>739685</u>
        (Bar number, if attorney)
        <u>Marie A Mattox</u>
        (Type or print name)
Date:  <u>05/12/2020</u>

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR WASHINGTON
COUNTY, FLORIDA

KATHLEEN RUDOLPH,

      Plaintiff,

CASE NO.: 20-CA-
FLA BAR NO.: 0739685

vs.

MHM HEALTH PROFESSIONALS, LLC
d/b/a MHM CENTURION,

      Defendant.

_____/

## COMPLAINT

Plaintiff, KATHLEEN RUDOLPH, hereby sues Defendant, MHM HEALTH

PROFESSIONALS, INC., d/b/a MHM CENTURION and alleges:

### JURISDICTION

1.    This is an action brought under the Florida Civil Rights Act, codified at Chapter

760, Florida Statutes.

2.    This action involves claims which are, individually, in excess of Thirty Thousand

Dollars ($30,000.00), exclusive of costs and interest.

### THE PARTIES

3.    At all times pertinent hereto, Plaintiff, KATHLEEN RUDOLPH, has been a

resident of the State of Florida.  She was employed with Defendant at all times pertinent hereto

and is *sui juris*.

4.    At all times pertinent hereto, Defendant, MHM HEALTH PROFESSIONALS,

INC., has been conducting business as MHM CENTURION and has been organized and existing

under the laws of the State of Florida, and has been an "employer" as that term is used under the applicable laws set forth above.

## CONDITIONS PRECEDENT

5.     Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. This action is timely filed thereafter.

## FACTS

6.     Plaintiff began her employment with Defendant on May 22, 2016 and held the position of Registered Nurse – Staff Nurse at the time of her wrongful termination on February 2, 2018.

7.     Despite Plaintiff's great work reviews, she was subjected to disparate treatment, different terms and conditions of employment and held to a different standard because of her age.

8.     The continuous disparate treatment came at the hands of specifically, but not limited to HSA Tara Johnson and Director of Nursing (first name unknown) Cook.

9.     On January 25, 2018, Johnson called Plaintiff into her office to counsel her about sick calls. Johnson stated that Plaintiff would be written up for the sick calls though the write up did not come immediately.

10.     On January 30, 2018, Johnson called Plaintiff into her office again. Johnson informed Plaintiff that she was suspended and could not give her any details.

11.     On February 2, 2018, Johnson and Sara Brus from Human Resources called Plaintiff on the phone and notified Plaintiff that she was terminated and gave the contrived reason of falsifying work documents, which Plaintiff maintains is patently false.

12.     Plaintiff maintains that several of Plaintiff's much young coworkers were falsifying documents but were counseled and kept their jobs, a clear demonstration of age-based discrimination.

13.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a fee for her services.  Defendant should be made to pay said fee under the applicable statutes cited herein.

## COUNT I
## AGE DISCRIMINATION

9.      Paragraphs 1 through 13 are re-alleged and incorporated herein by reference.

10.     This is an action against Defendant for discrimination based upon age brought under Chapter 760, Florida Statutes.

11.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's age in that Plaintiff was treated differently than similarly situated employees of Defendant who are younger and has been subject to poor treatment on the basis, at least in part, of Plaintiff's age.

12.     Defendant is liable for the differential treatment Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

13.     Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

14.     Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

3

15.   In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

16.   The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein led, at least in part, to adverse action against Plaintiff.

17.   Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age in violation of Chapter 760, Florida Statutes.

18.   As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive and equitable relief.  Plaintiff is also entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)   that process issue and this Court take jurisdiction over this case;

(b)   that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)   enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)   enter judgment against Defendant and for Plaintiff permanently enjoining

4

Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff

attorney's fees and costs;

(f)     award Plaintiff interest and equitable relief; and

(g)     grant such other relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 12th day of May 2020.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 N. Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Email: marie@mattoxlaw.com
Secondary emails:
michelle2@mattoxlaw.com
marlene@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

Filing # 107392205 E-Filed 05/12/2020 10:47:44 PM

**IN THE CIRCUIT COURT OF THE**
**FOURTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR WASHINGTON**
**COUNTY, FLORIDA**

**KATHLEEN RUDOLPH,**

     **Plaintiff,**

**CASE NO.: 20-CA-**
**FLA BAR NO.: 0739685**

vs.

**MHM HEALTH PROFESSIONALS, LLC**                    **SUMMONS**
**d/b/a MHM CENTURION,**

     **Defendant.**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     **MHM HEALTH PROFESSIONALS, LLC d/b/a MHM CENTURION**
     **C/O C T CORPORATION SYSTEM – REGISTERED AGENT**
     **1200 SOUTH PINE ISLAND ROAD**
     **PLANTATION, FL 33324**

     Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED on _____, 2020.

                        CLERK OF THE CIRCUIT COURT

                        By:_____

Filing # 107392205 E-Filed 05/12/2020 10:47:44 PM

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR WASHINGTON
COUNTY, FLORIDA

**KATHLEEN RUDOLPH,**

    **Plaintiff,**

vs.

**MHM HEALTH PROFESSIONALS, LLC**
**d/b/a MHM CENTURION,**

    **Defendant.**

_____/

**CASE NO.: 20-CA-** 4⁊
**FLA BAR NO.: 0739685**

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    **MHM HEALTH PROFESSIONALS, LLC d/b/a MHM CENTURION**
    **C/O C T CORPORATION SYSTEM – REGISTERED AGENT**
    **1200 SOUTH PINE ISLAND ROAD**
    **PLANTATION, FL 33324**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on MAY 13 , 2020.

CLERK OF THE CIRCUIT COURT

By: _J Stephens_

Filing # 111285459 E-Filed 08/04/2020 06:37:25 PM

IN THE FOURTEENTH CIRCUIT
COURT OF THE SECOND JUDICIAL
CIRCUIT, IN AND FOR
WASHINGTON COUNTY, FLORIDA

**KATHLEEN RUDILOH,**                        CASE NO.: 20-CA-47

      **Plaintiff,**

v.

**MHM HEALTH PROFESSIONAL, LLC
d/b/a MHM CENTURION,**

      **Defendants.**

_____/

## NOTICE OF APPEARANCE AND DESIGNATION
## OF PRIMARY AND SECONDARY E-MAIL ADDRESSES

      The undersigned, Erika E. Goodman, now appears as additional counsel of record for

Plaintiff.  Pursuant to Florida Rule of Judicial Administration 2.516(b)(1)(A), the undersigned

hereby designates her primary and secondary e-mail addresses and requests that order, process,

pleadings, and other documents filed and served in this matter be served on her at the following

Primary and Secondary e-mail addresses listed below. Where service of hard copies is to be

made in addition to the e-mail service, counsel requests that the copies be served on her at the

physical address listed below.

          Primary E-Mail Address: Erika@erikagoodmanlaw.com

          Secondary E-Mail Address: sherry@mattoxlaw.com
          Scheduling: michelle2@mattoxlaw.com

      I HEREBY CERTIFY that a copy of the foregoing has been furnished via electronic

filing only to all counsel of record this 4th day of August 2020.

Respectfully submitted,

*/s/ Erika E. Goodman*
Erika E. Goodman
Florida Bar No.: 0060951
MARIE A. MATTOX, P. A.
203 North Gadsden St.
Tallahassee, FL   32301
Telephone:(850) 383-4800 or Cell (850)556-4546
Facsimile:  (850) 383-4801
ATTORNEY FOR PLAINTIFF

Filing # 111267894 E-Filed 08/04/2020 03:26:07 PM

CASE #20-CA-47

**5/15/2020**

PLAINTIFF
**KATHLEEN RUDOLPH**
VS
DEFENDANT
**MHM HEALTH PROFESSIONALS, LLC A/K/A CENTURNION OF FLORIDA**

ATTORNEY: MARIE A. MATTOX
FIRM: MARIE A. MATTOX, P.A.

TO:   **MHM HEALTH PROFESSIONALS, LLC A/K/A CENTURNION OF FLORIDA**
      **C/O  CT CORPORATION SYSTEM (REGISTERED AGENT)**
      **1200 SOUT PINE ISLAND ROAD**
      **PLANTATION FL 33324**

We, received this: **SUMMONS / COMPLAINT**  On: **5/13/2020**  At: **8:08 A.M.**

This process was served to the above named Corporation/Sole Proprietorship or Individual named, by delivering a true copy of the: **SUMMONS / COMPLAINT**

Type of service is:   **CORPORATE**
Accepted By: **CT CORPORATION SYSTEM (CONTACT DONNA MOCH)**  Title:  **CORPORATE**
On: **5/15/2020**   At: **1:40 P.M.**
Comments:

Affiant states upon information and belief that said person is not in the Military Service of the United States as the term defined in either the state or Federal Statues.

I certify that I am of legal age, I have no interest in the above action and I am authorized to serve this process. FS 92.525. Under penalities of perjury, I declare that I have read the forgoing (Document) and that the facts in it are true.

MARION MCKIE
SPECIAL PROCESS SERVER # 1369
BROWARD COUNTY, FLORIDA

PROCESS AND RECOVERY SERVICES, INC
3603 MONMOUTH CT.
TALLAHASSEE FL 32308

Our Control # **22098**

Filing # 111408003 E-Filed 08/06/2020 03:37:09 PM

CASE #20-CA-47

**5/15/2020**

PLAINTIFF
**KATHLEEN RUDOLPH**
VS
DEFENDANT
**MHM HEALTH PROFESSIONALS, LLC A/K/A CENTURNION OF FLORIDA**

ATTORNEY: MARIE A. MATTOX
FIRM: MARIE A. MATTOX, P.A.

TO:   **MHM HEALTH PROFESSIONALS, LLC A/K/A CENTURNION OF FLORIDA**
      **C/O   CT CORPORATION SYSTEM (REGISTERED AGENT)**
      **1200 SOUT PINE ISLAND ROAD**
      **PLANTATION  FL 33324**

We, received this: **SUMMONS / COMPLAINT**  On: **5/13/2020**   At: **8:08 A.M.**

This process was served to the above named Corporation/Sole Proprietorship or Individual
named, by delivering a true copy of the: **SUMMONS / COMPLAINT**

Type of service is:   **CORPORATE**
Accepted By: **CT CORPORATION SYSTEM (CONTACT DONNA MOCH)**  Title:  **CORPORATE**
On: **5/15/2020**   At: **1:40 P.M.**
Comments:

Affiant states upon information and belief that said person is not in the Military Service of the
United States as the term defined in either the state or Federal Statues.

I certify that I am of legal age, I have no interest in the above action and I am authorized to serve
this process. FS 92.525. Under penalities of perjury, I declare that I have read the forgoing
(Document) and that the facts in it are true.

MARLON MCKIE
SPECIAL PROCESS SERVER # 1369
BROWARD COUNTY, FLORIDA

PROCESS AND RECOVERY SERVICES, INC
3603 MONMOUTH CT.
TALLAHASSEE FL 32308

Our Control # **22098**

Filing # 112236918 E-Filed 08/24/2020 09:14:49 AM

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR WASHINGTON COUNTY, FLORIDA

**KATHLEEN RUDOLPH,**

    **Plaintiff,**

**v.**                                        **Case No. 2020-CA-000047**

**MHM HEALTH PROFESSIONALS, LLC,**
**d/b/a MHM CENTURION,**

    **Defendant.**

_____/

### DEFENDANT MHM HEALTH PROFESSIONALS, LLC'S
### ANSWER AND AFFIRMATIVE DEFENSES

Defendant MHM Health Professionals, LLC ("MHMHP"),[1] by and through its undersigned counsel, hereby answers the correspondingly-numbered paragraphs of Plaintiff Kathleen Rudolph's ("Rudolph" or "Plaintiff") Complaint herein as follows:

### NATURE OF THE ACTION

1.    Defendant admits that Plaintiff purports to bring this action under the Florida Civil Rights Act, codified at Chapter 760, *Fla. Stat.*, but denies that it violated the same or that Plaintiff is entitled to any relief.

2.    Defendant admits that Plaintiff purports to bring this action for claims, individually, in excess of Thirty Thousand Dollars ($30,000), exclusive of costs and interest, but denies that Plaintiff is entitled to any relief.

### THE PARTIES

3.    Defendant admits that Rudolph was employed by MHMHP. Defendant is without knowledge as to Plaintiff's residency, and therefore, denies the same.

---

[1] MHMHP does not do business as "MHM Centurion," nor is it aware of an entity by that name.

*ACTIVE 51854118v1*

4.     Defendant admits that MHMHP is a limited liability company that does business in Florida and that MHMHP employed Plaintiff. Defendant otherwise denies the allegations of this paragraph.

## CONDITIONS PRECEDENT

5.     Defendant denies the allegations of this paragraph.

## FACTS

6.     Defendant admits that Plaintiff began her employment on or around May 22, 2016 and was terminated on or around February 2, 2018. Defendant otherwise denies the remaining allegations of this paragraph.

7.     Defendant denies the allegations of this paragraph.

8.     Defendant denies the allegations of this paragraph.

9.     Defendant admits that on or about January 25, 2018, Johnson met with Plaintiff regarding sick calls. Defendant otherwise denies the remaining allegations of this paragraph.

10.    Defendant admits that Plaintiff was suspended on January 31, 2018. Defendant otherwise denies the remaining allegations of this paragraph.

11.    Defendant admits that Plaintiff was terminated by phone on February 2, 2018 by Sarah Brus and Lori Cook.   Defendant otherwise denies the remaining allegations of this paragraph.

12.    Defendant denies the allegations of this paragraph.

13.    Defendant is without knowledge as to the allegations of this paragraph and therefore, denies the same.

2

## COUNT I
## AGE DISCRIMINATION

9.[2]     Defendant reasserts and incorporates herein its responses to Paragraph Nos. 1-13 above.

10.     Defendant admits that Plaintiff purports to bring this action for age discrimination under Chapter 760, *Fla. Stat.*, but denies that it violated the same or that Plaintiff is entitled to any relief.

11.     Defendant denies the allegations of this paragraph.

12.     Defendant denies the allegations of this paragraph.

13.     Defendant denies the allegations of this paragraph.

14.     Defendant denies the allegations of this paragraph.

15.     Defendant denies the allegations of this paragraph.

16.     Defendant denies the allegations of this paragraph.

17.     Defendant denies the allegations of this paragraph.

18.     Defendant denies the allegations of this paragraph.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any and all relief.

## DEMAND FOR TRIAL BY JURY

Defendant denies that any case or controversy exists so as to entitle Plaintiff to a trial by jury.

---

[2] The Complaint contains two (2) sets of paragraph numbers 9-13, and Defendant has mirrored the numbering of the Complaint.

3

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are barred, either in whole or in part, by failure to satisfy any applicable conditions precedent to suit, Plaintiff is precluded from recovering on those claims.

### THIRD AFFIRMATIVE DEFENSE

Defendant is not subject to liability for the alleged acts because it exercised reasonable care to prevent and correct promptly any discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

### FOURTH AFFIRMATIVE DEFENSE

Any adverse employment action taken with respect to Plaintiff was taken for legitimate, non-discriminatory reasons and was predicated upon a ground other than Plaintiff's age and would have been taken absent Plaintiff's age.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is able to show that Plaintiff's age was a motivating factor for any employment action challenged herein, Defendant would have taken the same action regardless of Plaintiff's age, and accordingly, Plaintiff is not entitled to any relief.

4

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages claims are barred, in whole or in part, because Plaintiff failed to mitigate her damages.

## SEVENTH AFFIRMATIVE DEFENSE

Even assuming *arguendo* that Plaintiff were able to establish a claim, Defendant is entitled to a set-off from damages awarded to Plaintiff for interim earnings, or for any amounts recovered or which reasonably could have been recovered, by Plaintiff through Plaintiff's efforts to mitigate damages or through recovery from a collateral source.

## EIGHTH AFFIRMATIVE DEFENSE

Even assuming *arguendo* that Plaintiff were able to establish a claim, any alleged wrongful or unlawful acts by Defendant's current or former employees or agents, if they occurred, were committed outside the scope of such employees' or agents' employment or by third parties, and not in performance of any duty to Defendant, and Defendant accordingly is not liable for those acts.

## NINTH AFFIRMATIVE DEFENSE

Even assuming *arguendo* that Plaintiff were able to establish a claim, to the extent that any of Defendant's current or former employees or agents engaged in any unlawful or wrongful acts, Defendant did not have knowledge of it, participate in, authorize, condone or ratify such acts, and therefore, Defendant is not liable for such acts.

## TENTH AFFIRMATIVE DEFENSE

Defendant is not liable for punitive/exemplary damages because neither Defendant nor any of its employees or agents committed any act with malice or reckless

indifference to Plaintiff's protected rights, approved, authorized or ratified, or had actual or constructive knowledge of any such acts.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are barred, either in whole or part, by any applicable limitations period, Plaintiff is precluded from recovering on those claims.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant asserts that, even assuming *arguendo* that Plaintiff were able to establish any unlawful personnel action, the same action would have been taken at a subsequent time as a result of other conduct of Plaintiff not then discovered (after-acquired evidence) that bars or limits the relief to which Plaintiff may otherwise be entitled in the absence of such after-acquired evidence.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff is precluded from recovering on her claims under Chapter 760, *Fla. Stat.*, because Plaintiff failed to exhaust her administrative remedies.

**WHEREFORE,** Defendant MHM Health Professionals, LLC respectfully requests that judgment be entered in its favor and against Plaintiff, and that it be awarded costs and attorneys' fees incurred in defending this action, as well as such further relief as the Court deems just and appropriate.

Respectfully submitted,

/s/ Catherine H. Molloy
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Catherine H. Molloy
Florida Bar No. 33500
Email: molloyk@gtlaw.com
Cayla M. Page

6

Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 24, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the E-Filing Portal, which will send a notice electronically to:

Marie A. Mattox
Marie A. Mattox, P.A.
203 North Gadsden Street
Tallahassee, Florida 32301
marie@mattoxlaw.com
michelle2@mattoxlaw.com
marlene@mattoxlaw.com

/s/Catherine H. Molloy
Attorney

7

Filing # 116843506 E-Filed 11/17/2020 08:43:40 PM

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL
CIRCUIT IN AND FOR WASHINGTON COUNTY, FLORIDA**

**KATHLEEN RUDOLPH,**

     **Plaintiff,**

**v.**                                   **Case No. 2020-CA-000047**

**MHM HEALTH
PROFESSIONALS, LLC, d/b/a
MHM CENTURION,**

     **Defendant.**

                                        /

**NOTICE OF SERVICE OF PLAINTIFF'S RESPONSE TO
DEFENDANT'S FIRST ADMISSIONS**

     Notice is hereby given that Plaintiff's Answers to Defendant's First Set of Interrogatories have been furnished by electronic mail to counsel for Defendant, Richard C. McCrea, Jr., mccrear@gtlaw.com, Catherine H. Molloy, molloyk@gtlaw.com, Cayla M. Page, pagec@gtlaw.com, GREENBERG TRAURIG, P.A., 101 E. Kennedy Boulevard, Suite 1900, Tampa, Florida 33602, on November 17, 2020 .

                                 Respectfully submitted,

                                 **/s/ *Erika E. Goodman***
                                 **Erika E. Goodman**
                                 Florida Bar No.: 60951
                                 MARIE A. MATTOX, P.A.
                                 203 North Gadsden St.
                                 Tallahassee, Florida 32301
                                 Telephone: (850) 383-4800
                                 Facsimile:  (850) 383-4801
                                 Erika@erikagoodmanlaw.com
                                 sherry@mattoxlaw.com

                                 **ATTORNEYS FOR PLAINTIFF**

Filing # 116843506 E-Filed 11/17/2020 08:43:40 PM

**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL
CIRCUIT IN AND FOR WASHINGTON COUNTY, FLORIDA**

**KATHLEEN RUDOLPH,**

     **Plaintiff,**

**v.**                                                   **Case No. 2020-CA-000047**

**MHM HEALTH PROFESSIONALS,
LLC, d/b/a MHM CENTURION,**

     **Defendant.**

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST
ADMISSIONS**

Plaintiff, **KATHLEEN RUDOLPH**, by and through her undersigned counsel,

responds to Defendant's First Request for Admission as follows:

**REQUESTS FOR ADMISSIONS**

1.    Admit that Plaintiff seeks to recover more than $75,000 in back pay, front

pay, compensatory damages and attorneys' fees in this action.

**ANSWER:** Admitted

2.    Admit that Plaintiff seeks to recover more than $75,000 in damages of any

kind at any time in the course of this litigation.

**ANSWER:** Admitted that Plaintiff anticipates that all damages combined will
exceed $75,000.

3.    Admit that Plaintiff claims to have been damaged by any of the Defendant

in this action in an amount in excess of $75,000.

**ANSWER:** Admitted that Plaintiff anticipates that all damages combined will
exceed $75,000.

Respectfully submitted,

*/s/ Erika E. Goodman*

**Erika E. Goodman**
Florida Bar No.: 60951
MARIE A. MATTOX, P.A.
203 North Gadsden St.
Tallahassee, Florida  32301
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801
Erika@erikagoodmanlaw.com
sherry@mattoxlaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served via electronic filing through the Florida Courts E-Filing Portal and as a courtesy by electronic mail this 17th day November 2020 to:

Richard C. McCrea, Jr.
Email: mccrear@gtlaw.com
Catherine H. Molloy
Email: molloyk@gtlaw.com
Cayla M. Page
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602

*/s/ Erika E. Goodman*
Erika E. Goodman